# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

U.S. BANK, NATIONAL ASSOCIATION
AS TRUSTEE, AS SUCCESSOR-IN-
INTEREST TO BANK OF AMERICA,
N.A., AS SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR THE
REGISTERED HOLDERS OF
CITIGROUP COMMERCIAL
MORTGAGE TRUST 2006-C4,
COMMERCIAL MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-C4

              Plaintiff,

v.                                 No. 2:11-cv-01480-GLL

LONG MEADOW ASSOCIATES

              Defendant.

## ORDER CONFIRMING RECEIVER'S SALE AND TERMINATING RECEIVERSHIP

AND NOW, this 18TH day of July, 2012, upon consideration of the Motion To Confirm Receivership Sale And To Terminate Receivership, it is hereby ORDERED and DECREED, that the receivership sale conducted on April 13, 2012 is confirmed in all respects and that title to the real property located at and known as 162 Quinn Drive, North Fayette Township, Allegheny County, Pennsylvania, as more fully described on Exhibit "A" hereto, together with the additional property granted by Long Meadow Associates ("Defendant") in the Open-End Mortgage, Assignment of Leases And Rents And Security Agreement (collectively, the "Mortgaged Premises"), shall pass by Deed from the Receiver, CBRE, Inc., to U.S. Bank, National Association as Trustee, as successor-in-interest to Bank of America, N.A., as successor by merger to LaSalle Bank National Association, as Trustee for the Registered

Holders of Citigroup Commercial Mortgage Trust 2006-C4, Commercial Mortgage Pass-Through Certificates, Series 2006-C4 ("Plaintiff"), or Plaintiff's assignee, free and clear;

AND FURTHER, it is ORDERED and DECREED that not later than August 31, 2012 the Receiver, CBRE, Inc., shall: (i) pay over to Holder any sums in its possession or under its control after paying final expenses related to the receivership; and (ii) file a final report (the "Final Report") with the Court; and

It is FURTHER ORDERED and DECREED that upon the filing of such Final Report the receivership commenced by this Court's Order of January 17, 2012 (the "Receivership Order") shall terminate and that Receiver shall, as of said date, be discharged from any and all further obligation under the Receivership Order.

BY THE COURT:

_____

Dated: 7/18/12